120 F.3d 269
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Don Defore WATSON, Plaintiff-Appellant,
v.
J.C. WALKLEY; J. Walker; L. Devastey; T. Chapman; M.
Haney; T. White, Defendants-Appellees.
 No. 96-15589.
 United States Court of Appeals, Ninth Circuit.
 Submitted July 14, 1997.**
Decided July 17, 1997.
 
 Before: HUG, Chief Judge, KOZINSKI and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Don DeFore Watson, a California state prisoner, appeals pro se the district court's summary judgment for defendants in his 42 U.S.C. § 1983 action alleging violations of the First, Eighth and Fourteenth Amendments. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo the district court's grant of summary judgment, see Barnett v. Centoni, 31 F.3d 813, 815 (9th Cir.1994) (per curiam), and we may affirm on any grounds supported by the record, see United States v. Washington, 969 F.2d 752, 755 (9th Cir.1992). We affirm in part, vacate in part, reverse in part, and remand.
 
 A. First Amendment Claims
 
 3
 Watson contends that the district court erred by granting summary judgment for defendants on his First Amendment claims that (1) confiscation of Black History materials violated his free speech rights; (2) confiscation of Black History materials violated his free exercise of religion rights; and (3) inability to attend Islamic services violated his free exercise of religion rights.
 
 
 4
 Prison officials may infringe on a prisoner's First Amendment right if the infringement "is reasonably related to legitimate penological interests." See Turner v. Safley, 482 U.S. 78, 89 (1987) (freedom of speech); O'Lone v. Estate of Shabbazz, 482 U.S. 342, 348 (1987) (freedom of religion). We have held that removing from the prison environment materials which may foster racial division and violence is a legitimate penological interest. See Stefanow v. McFadden, 103 F.3d 1466, 1472-75 (9th Cir.1996). Watson submitted no evidence that, at the time defendant Chapman confiscated the Black History materials, that Chapman did not have a good-faith belief that the materials were racist literature. Accordingly, the district court did not err by granting summary judgment for defendants on Watson's First Amendment claims. See O'Lone, 482 U.S. at 348; Stefanow, 103 F.3d at 1472-75.
 
 
 5
 With respect to preventing Watson from attending Islamic services on three separate occasions, prison officials submitted no evidence that their decision to keep Watson in his cell during the hours he would normally be working, instead of allowing him to attend religious services, served a legitimate penological interest. Accordingly, we vacate the district court's summary judgment for defendants on this claim and remand for further proceedings. See Walker v. Sumner, 917 F.2d 382, 386 (9th Cir.1990); Swift v. Lewis, 901 F.2d 730, 732 (9th Cir.1990).
 
 B. Eighth Amendment Claims
 
 6
 Watson contends that the district court erred by granting summary judgment for defendants on his Eighth Amendment claims that (1) confinement to his cell during the times he had previously been assigned to a prison job amounted to cruel and unusual punishment and (2) defendant Chapman was deliberately indifferent to his safety when he publicly stated that Watson possessed racist materials.
 
 
 7
 "The Constitution 'does not mandate comfortable prisons.' " See Farmer v. Brennan, 511 U.S. 825, 832 (1994) (quoting Rhodes v. Chapman, 452 U.S. 337, 346 (1981)). Watson submitted no evidence that prison officials failed to provide him with any of his basic necessities during the times he was confined to his cell. Watson also failed to submit evidence that Chapman knew of and disregarded a serious risk to Watson's safety when he made statements about the materials he had confiscated from Watson. Accordingly, the district court did not err by granting summary judgment for defendants on Watson's Eighth Amendment claims. See id. at 834, 837.
 
 C. Fourteenth Amendment Claims
 
 8
 Watson contends that the district court erred by granting summary judgment for defendants on his Fourteenth Amendment claims that (1) he was denied due process when he was terminated from his law-library job and (2) he was denied access to the courts when defendants would not provide him with access to the prison law library. The record shows that Watson received all the process due for each of his disciplinary infractions and that defendants had some evidence upon which to base their disciplinary decisions. Watson failed to submit any evidence that he suffered an actual injury due to his lack of access to the prison law library. Accordingly, the district court did not err by granting summary judgment for defendants on Watson's Fourteenth Amendment claims. See Lewis v. Casey, 116 S.Ct. 2174, 2178-80 (1996); Superintendent v. Hill, 472 U.S. 445, 455 (1985); Wolff v. McDonnell, 418 U.S. 539, 563-70 (1974).[1]
 
 D. Retaliation Claim
 
 9
 Finally, Watson contends that the district court erred by granting summary judgment on his claim that defendants retaliated against him for successfully resolving a complaint he had filed against the prison. "A prisoner suing prison officials under [ § ] 1983 for retaliation must allege that he was retaliated against for exercising his constitutional rights and that the retaliatory action does not advance legitimate penological goals...." See Barnett, 31 F.3d at 815-16. Moreover, the prisoner must submit evidence to establish a link between the exercise of constitutional rights and the allegedly retaliatory action. See Pratt v. Rowland, 65 F.3d 802, 807-08 (9th Cir.1995). Where a prisoner challenges the veracity of the foundation for disciplinary charges against him, this dispute can support a jury finding of retaliation. See Hines v. Gomez, 108 F.3d 265, 268 (9th Cir.1997).
 
 
 10
 Here, Watson submitted evidence that he had settled a claim against the prison for $5,000. He also submitted an affidavit from another inmate who had heard defendant DeVastey saying that she would have to remove Watson from his law-library job because of the complaints Watson had filed against prison staff and the settlement he had recently obtained. Finally, Watson submitted evidence that he had not possessed prohibited materials, that he was not reading these materials during his working hours, and that the materials in his cell had been taken from the library with the permission of DeVastey. Accordingly, we conclude that the district court erred by granting summary judgment for defendants on Watson's retaliation claim.
 
 
 11
 Each party shall bear their own costs.
 
 
 12
 AFFIRMED in part, VACATED in part, REVERSED in part, and REMANDED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a); 9th Cir. R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 Insofar as Watson raised a Fourth Amendment claim with respect to the search of his cell for library books, we reject the claim because Watson has no right to privacy in his cell. See Hudson v. Palmer, 468 U.S. 517, 525-26 (1984)